17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael E. GAINER, Plaintiff-Appellant,
v.
Fife SYMINGTON; Leonard J. Kirschner; Jenny Bell, et al.,
Defendants-Appellees.
 No. 93-15878.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Gainer appeals pro se the district courts's summary judgment in favor of the defendants, in his 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id. There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party oposing the motion. Id. at 1045. Moreover, conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 In his amended complaint, Gainer alleged that the "State of Arizona County of Maricopa's" policy of requiring dental work to be completed before a kidney dialysis patient is placed on the kidney transplant waiting list violates the Equal Protection Clause because it discriminates against indigent patients who cannot afford the cost of the dental work.
 
 
 5
 Gainer specifically challenges the Arizona Health Care Cost Containment System ("AHCCCS") policy. As the district court found, there is no evidence that under the AHCCCS policy Gainer is being denied placement on a kidney transplant waiting list solely due to indigency. Defendant Kisrchner submitted evidence showing that any dental procedures necessary for transplant approval are covered services under the policy, and Gainer has not controverted this evidence. On this record, the district court did not err by granting summary judgment to the defendants.[1] See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gainer contends that the district court erred by failing to serve defendant Symington. As the district court found, failure to serve Symington was at most harmless error as Gainer's claims against Symington were based on respondeat superior. See Taylor, 880 F.2d at 1045 (there is no respondeat superior liability under Sec. 1983)
 Gainer's claim that the district court erred by refusing to enter a default judgment against defendant Bell also lacks merit because Bell had not been served when Gainer requested a default judgment. Thus, the district court did not abuse its discretion in denying Gainer's request for a default judgment against Bell. See Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991).